[Cite as *State v. Orr*, 2016-Ohio-1148.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.   CA2015-08-019 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>3/21/2016 |
| - vs - | : | |
| | : | |
| LAURIE D. ORR, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. TRC 1500004


Jessica A. Little, Brown County Prosecuting Attorney, Nicholas R. Owens, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Matthew T. Ernst, 212 West 8th Street, Cincinnati, Ohio 45202, for defendant-appellant



**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Laurie D. Orr, appeals from her conviction in the Brown County Court of Common Pleas for operating a vehicle while under the influence of alcohol ("OVI").  For the reasons outlined below, we affirm.

{¶ 2}   During the early morning hours of December 27, 2014, Trooper Kyle J. Klontz of the Ohio State Highway Patrol observed Orr drive left of center and weave within her lane as she traveled southbound on Upper Five Mile West Road, Brown County, Ohio.  Upon

initiating a traffic stop, Trooper Klontz made contact with Orr and noticed she exhibited bloodshot and glassy eyes and had a strong odor of alcoholic beverage coming from her person. After conducting field sobriety tests, Trooper Klontz arrested Orr for OVI and transported her to the Mt. Orab Police Department. Once there, Orr submitted to a breath test conducted on a BAC DataMaster, which revealed she had a breath-alcohol-content ("BAC") of .131. Orr was then charged with two counts of OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d), both first-degree misdemeanors.

{¶ 3} On March 31, 2015, Orr filed a motion to suppress her breath test result. In support of her motion, Orr generally argued that her breath test result should be excluded because "the Director of Health has failed to determine, or cause to be determined, 'techniques and methods' for chemically ascertaining the amount of alcohol in a person's breath as mandated by O.R.C. §3701.143." Orr also generally argued that her breath test result was unreliable since "the use of a testing method that consisted of only a single breath test with no concurrent calibration checks" denied her due process and violated equal protection under both the United States and Ohio Constitutions. Orr further noted, without providing any specifics, that "[t]he state must establish compliance with the Department of Health Regulations and R.C. 4511.19 before the results of a breath test may be admitted."

{¶ 4} On April 28, 2015, the trial court held a hearing on Orr's motion to suppress. At that hearing, and as relevant here, Trooper Klontz testified that he administered Orr's breath test through the use of a BAC DataMaster, that he had used a BAC DataMaster before, that he was certified in the use and operation of a BAC DataMaster both then and now, and that he followed the BAC DataMaster operational checklist when he conducted Orr's breath test. Trooper Klontz also testified on cross-examination that he knew the supervisor staff at the Mt. Orab Police Department conducted weekly checks of the BAC DataMaster and that the records of those weekly checks were kept nearby "[o]n the wall right in front of" the BAC

DataMaster. Following Trooper Klontz's testimony, which went uncontradicted, both parties rested and the trial court issued its decision denying Orr's motion to suppress.

{¶ 5} On June 26, 2015, the matter then proceeded to a jury trial, which resulted in Orr being acquitted of OVI in violation of R.C. 4511.19(A)(1)(a), but found guilty of OVI in violation of 4511.19(A)(1)(d). Pursuant to that statute, "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath." As noted above, Orr's breath test conducted by Trooper Klontz revealed she had a BAC of .131. Orr now appeals from her conviction, raising a single assignment of error for review.

{¶ 6} THE TRIAL COURT ERRED WHEN IT OVERRULED THE MOTION TO SUPPRESS THE DATAMASTER TEST RESULT WHEN THE PROSECUTION FAILED TO SUSTAIN ITS BURDEN OF PROOF ON THE TEST RESULT.

{¶ 7} In her single assignment of error, Orr argues the trial court erred by denying her motion to suppress her breath test result because the state failed to meet its burden of proof. We disagree.

{¶ 8} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. In turn, when reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14. "An appellate court, however,

independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 9} Pursuant to Crim.R. 47, in filing a motion to suppress in a criminal proceeding, a defendant "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." This requires a defendant to "state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *State v. Shindler*, 70 Ohio St.3d 54 (1994), syllabus. After the defendant meets this burden by effectively placing the prosecutor and the court on sufficient notice of the issues to be determined, the burden then shifts to the state to show substantial compliance with the applicable standards, in this case the Ohio Department of Health ("ODH") regulations. *State v. Plunkett*, 12th Dist. Warren No. CA2007-01-012, 2008-Ohio-1014, ¶ 11, citing *City of Xenia v. Wallace*, 37 Ohio St.3d 216, 220 (1988). However, as this court has stated previously, "a defendant may not challenge the admission of his [or her] BAC test based on specific issues that question the testing instrument's reliability." *State v. Dugan*, 12th Dist. Butler No. CA2012-04-081, 2013-Ohio-447, ¶ 28. Rather, a defendant is limited in his or her challenge to (1) whether the ODH regulations were not followed, or (2) whether the operator of the BAC instrument was not qualified. *Id.*

{¶ 10} Although the burden shifts to the state, the extent of the state's burden of proof establishing substantial compliance "only extends to the level with which the defendant takes issue with the legality of the test." *State v. Nicholson*, 12th Dist. Warren No. CA2003-10-106, 2004-Ohio-6666, ¶ 10. For example, "[w]hen a defendant files a motion to suppress that provides factual bases *specific to the defendant's case* in support of his or her claims that a particular ODH regulation was not followed, the state must show substantial compliance with

that ODH regulation." (Emphasis sic.) *Dugan* at ¶ 33, citing *State v. Deutsch*, 12th Dist. Butler No. CA2008-03-035, 2008-Ohio-5658, ¶ 11. However, "[w]hen the language in the motion to suppress raises only general claims, even though accompanied by specific administrative code subsections, then there is only a slight burden on the state to show, in general terms, compliance with the health regulations." *State v. Jimenez*, 12th Dist. Warren No. CA2006-01-005, 2007-Ohio-1658, ¶ 25. Yet, even in those instances, the defendant may still provide some factual bases, either during cross-examination or by conducting formal discovery, to support a claim that the standards were not followed in an effort to raise the "slight burden" placed on the state. *Plunkett* at ¶ 25-26, citing *State v. Embry*, 12th Dist. Warren No. CA2003-11-110, 2004-Ohio-6324, ¶ 12.

{¶ 11} As noted above, Orr argues the trial court erred by denying her motion to suppress her breath test result because the state failed to meet its burden of proof. However, as a simple review of the record reveals, Orr merely provided a general challenge to the admissibility of her breath test result that failed to establish any factual bases specific to her case either through her motion to suppress, her cross-examination of Trooper Klontz, or through formal discovery, that could support a claim that any particular ODH regulation was not followed, or that Trooper Klontz was not qualified to operate the BAC DataMaster at issue. Therefore, based on Trooper Klontz's uncontradicted testimony, which established that he (1) administered Orr's breath test through the use of a BAC DataMaster, a machine that was checked weekly by the supervisor staff at the Mt. Orab Police Department, (2) had used a BAC DataMaster before, (3) was certified in the use and operation of a BAC DataMaster both then and now, and (4) followed the BAC DataMaster operational checklist when conducting Orr's breath test, we find the state met its slight burden necessary to establish Trooper Klontz was a qualified operator of the BAC DataMaster who complied with the ODH regulations when he conducted Orr's breath test. In so holding, we reiterate that "a

defendant may not challenge the admission of his [or her] BAC test based on specific issues that question the testing instrument's reliability." *Dugan*, 2013-Ohio-447 at ¶ 28. Accordingly, because we find no error in the trial court's decision denying Orr's motion to suppress, Orr's single assignment of error lacks merit and is overruled.

{¶ 12} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.