[Cite as *In re J.F.*, 2017-Ohio-1492.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN THE MATTER OF: J.F.  :

      CASE NO. CA2016-08-174

:

      <u>O P I N I O N</u>

:      4/24/2017

:

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2014-0345

Cornetet, Myer, Rush & Stapleton, Karen P. Meyer, 123 Boggs Lane, Cincinnati, Ohio 45246, for appellant

Law Offices of Myron A. Wolf, Dennis Adams, 10 Journal Square, Suite 400, P.O. Box 643, Hamilton, Ohio 45012, for appellee

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, E.W. ("Mother"), appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, denying her request that defendant-appellee, J.F. ("Father"), retroactively pay birth and medical expenses regarding their daughter, and that the effective date of the child support order be the child's date of birth.

{¶ 2} Mother and Father are the parents of an eight-year-old daughter. The parties were never married to one another. The record indicates that following the child's birth, the parties had an informal arrangement regarding custody, parenting time, and child support. In

2014, Father filed a complaint for custody but subsequently dismissed it without prejudice; Mother made a formal request to the Butler County Child Support Enforcement Agency ("CSEA") for a child support order. On June 24, 2015, CSEA issued an administrative order for Father to pay $988.98 a month in child support, effective May 27, 2015. Both parties challenged the CSEA child support administrative order; a hearing was held before a magistrate on December 22, 2015.

{¶ 3} In a decision filed on December 23, 2015, the magistrate ordered Father to pay Mother $980.53 a month in child support. The magistrate noted that in lieu of a cash medical support order, the parties had agreed Mother would obtain and maintain dental insurance. The magistrate denied Mother's request that the child support order "revert back to the date of birth[.] The effective date will be 05/27/2015, the date of the initial child support order." The magistrate further denied "Mother's requests for Father to pay prior Birth Expenses, Day Care, & Health Insurance costs[.] Mother chose not to pursue support and these related items for a period in excess of five years."

{¶ 4} Mother filed objections to the magistrate's decision, challenging, inter alia, the magistrate's failure to "address how the child was to be supported in 2009 at all [and] include the cost Mother paid for dental insurance for the minor child in the calculation of child support." Following a hearing on the objections on March 28, 2016, the juvenile court sustained Mother's objection regarding dental insurance, overruled Mother's other objections, and remanded the matter for the magistrate to factor Mother's cost of dental insurance into the support calculation. Mother subsequently appealed the juvenile court's decision to this court, but we dismissed the appeal for lack of subject-matter jurisdiction. *In the Matter of: J.F.*, 12th Dist. Butler No. CA2016-05-086 (June 7, 2016) (Judgment Entry of Dismissal).

{¶ 5} Following a hearing on July 27, 2016, the magistrate adopted the parties' parenting time agreement, and upon recalculation, ordered Father to pay Mother $991.30 a

month in child support. The magistrate's decision was adopted the following day by the juvenile court.

{¶ 6} Mother now appeals, raising three assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN FAILING TO GRANT MOTHER'S REQUEST FOR THE EFFECTIVE DATE OF CHILD SUPPORT TO BE THE CHILD'S DATE OF BIRTH.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN FAILING TO GRANT MOTHER REIMBURSEMENT FOR UNCOVERED MEDICAL EXPENSES FOR THE BENEFIT OF THE CHILD FROM BIRTH THROUGH THE EFFECTIVE DATE OF THE CHILD SUPPORT ORDER.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURT ERRED IN FAILING TO GRANT MOTHER HER REASONABLE AND NECESSARY BIRTHING EXPENSES.

{¶ 13} In her three assignments of error, Mother argues the juvenile court erred in not granting her request that the effective date of the child support order be the child's date of birth and that Father retroactively pay the uncovered birth and medical expenses she incurred for their child, especially given the "uncontroverted testimony" and "meticulous records" Mother presented at the hearing.

{¶ 14} We are precluded from reviewing the issues raised in Mother's assignments of error. Objections to a magistrate's decision must be "specific and state with particularity all grounds for objection." Juv.R. 40(D)(3)(b)(ii). The failure to file specific objections is treated the same as the failure to file any objections. *In re A.R.*, 12th Dist. Butler No. CA2015-08-143, 2016-Ohio-4919, ¶ 32. Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or

legal conclusion * * * unless the party has objected to that finding as required by Juv.R. 40(D)(3)(b)." This court has previously ruled that "unless the appellant argues a 'claim of plain error,' the appellant has waived the claimed errors not objected to below." *In re L.K.*, 12th Dist. Butler No. CA2014-06-145, 2015-Ohio-1091, ¶ 16; *In re K.P.R.*, 197 Ohio App.3d 193, 2011-Ohio-6114, ¶ 10 (12th Dist.).

{¶ 15} Although Mother filed objections to the magistrate's December 23, 2015 decision, she did not raise any issues as to the effective date of the child's support order or her request to be reimbursed for the uncovered birth and medical expenses incurred for the benefit of the child. It is well-recognized that the failure to draw a trial court's attention to possible error when the error could have been corrected results in a waiver of the issue for purposes of appeal. *In re K.P.R.* at ¶ 9. Further, Mother does not claim plain error here. She is therefore precluded from raising these issues on appeal. *See In re L.K.* at ¶ 17.

{¶ 16} We further note that although the magistrate held a hearing on December 22, 2015, following the CSEA child support administrative order, and the juvenile court held a hearing on Mother's objections to the magistrate's decision on March 28, 2016, Mother failed to provide this court with a transcript of these hearings or an acceptable alternative, as required by App.R. 9. As a result, we have no choice but to presume the regularity of the proceedings and the validity of the juvenile court's judgment. *Gray v. King*, 12th Dist. Clermont No. CA2013-01-006, 2013-Ohio-3085, ¶ 34. *See also Wilhoite v. Kast*, 12th Dist. Warren No. CA2001-01-001, 2001 Ohio App. LEXIS 5996 (Dec. 31, 2001) (a meaningful review of a trial court's decision must be based on the record before us, not mere conclusory assertions in an appellate brief).

{¶ 17} Mother's first, second, and third assignments of error are overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.