[Cite as *State v. J.A.C.*, 2018-Ohio-361.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2017-04-044 |
| Plaintiff-Appellee, | : | CA2017-04-045 |
| | | O P I N I O N |
| | : | 1/29/2018 |
| - vs - | | |
| | : | |
| J.A.C., | : | |
| Defendant-Appellant. | : | |


APPEAL FROM MASON MUNICIPAL COURT AND
WARREN COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION
Case No. 16-N000617


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Bethany S. Bennett, city of Mason Prosecuting Attorney, Matthew P. Nolan, 5690 Mason-Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, J.A.C., appeals the denial of his motions to suppress evidence by the Mason Municipal Court and the Warren County Court of Common Pleas, Juvenile Division.

**{¶ 2}** At all times pertinent, appellant was a senior, attending Kings High School. On May 5, 2016, a student observed appellant walking up a flight of stairs behind a female student, using his cell phone in an apparent effort to take photographs or film video beneath the female student's clothing. The student reported his observations to Kings High School Principal Doug Leist. Leist confirmed the report by viewing the school's security video. Leist advised school resource officer Deputy Jonathan Downs of the incident. Leist then asked appellant to come with him to his office and to bring his cell phone. On their way to the office, Leist asked appellant for his cell phone. Appellant relinquished his phone to Leist as requested.

**{¶ 3}** Once they were in Leist's office, the two talked about the morning's events. Appellant eventually admitted that he had been using his cell phone to film up the skirt of a female student walking up the stairs. Leist asked appellant if the video was on his cell phone. Appellant attempted to retrieve the video for Leist and discovered that it had not recorded. However, while appellant was searching for the video, Leist observed another photograph of the backside of a female wearing jean shorts on the cell phone. Leist asked appellant if the subject of this photograph knew she was being photographed. Appellant replied that he did not know. Concerned, Leist requested Deputy Downs to come to his office. By then, Deputy Downs had too confirmed the initial report by viewing the school's security video.

**{¶ 4}** Leist, Deputy Downs, and appellant retired to a conference room. Leist informed the deputy what he had learned in speaking with appellant. Deputy Downs advised appellant of his *Miranda* rights and asked for appellant's consent to view the images on the cell phone. Appellant consented and began showing Deputy Downs videos on his cell phone. At some point, appellant gave his cell phone to the deputy. During their

conversation, Deputy Downs viewed images on appellant's cell phone which caused him additional concerns. Specifically, there was a video depicting appellant's face and the phone being placed on the floor beneath a student's desk. Deputy Downs suspected that this was an effort by appellant to position his cell phone to view up a female student's skirt. Appellant confirmed the deputy's suspicion. As a result, Deputy Downs decided to seek a search warrant to search appellant's cell phone.

{¶ 5} Deputy Downs placed appellant's cell phone into an evidence bag and returned to his school office where, using standard forms, he began preparing an affidavit for a search warrant and a search warrant. Deputy Downs' affidavit sought a warrant to search appellant's cell phone for certain information, including photographs and videos. The affidavit averred that this information was being concealed in violation of "2907.08E Voyeurism, videotape, film, photograph, or otherwise record another person under or through the clothing of another person." Deputy Downs further averred that his belief was supported by the fact that

> Deputy Jonathan Downs knows than on or about May 5th, 2016 at 0908 hours, Deputy Jonathan Downs Kings High School Resource Officer was notified about a student named [J.A.C.] who had used his cellphone to take pictures or video of a girl while walking up the stairs in Kings High School located at 5500 Columbia Road Kings Mills, Ohio. 45034 in Deerfield Township, Warren County. [sic.]

{¶ 6} Upon completing the search warrant affidavit and search warrant, Deputy Downs presented them to the Mason Municipal Court judge. Deputy Downs did not provide the judge with any information concerning the investigation other than the averments contained in his affidavit for the search warrant. The judge issued the search warrant. Appellant's cell phone was subsequently searched, yielding evidence tending to support a charge of voyeurism.

{¶ 7} On May 31, 2016, appellant was charged by complaint in the municipal court with one count of voyeurism in violation of R.C. 2907.08(D), a misdemeanor of the first degree, arising from an incident on May 5, 2016. Appellant was further charged by complaint in the juvenile court with being a delinquent child for commission of voyeurism in violation of R.C. 2907.08(D), arising from an incident on November 10, 2015, prior to appellant's 18th birthday.

{¶ 8} Appellant filed a motion to suppress in both courts.[1] The gist of appellant's motions to suppress was that the affidavit for the search warrant did not establish probable cause to search his cell phone because it did not aver that appellant had engaged in any conduct constituting an offense under the criminal statutes of the state. Specifically, appellant asserted that the affidavit was defective because it merely averred that appellant had "used his cellphone to take pictures or video of a girl while walking up the stairs in Kings High School" and did not aver that appellant had done so "under or through the clothing" as proscribed by R.C. 2907.08.

{¶ 9} A hearing on appellant's motion to suppress was conducted in the municipal court on September 1, 2016. The state presented the testimony of Principal Leist and Deputy Downs. After the hearing concluded, the municipal court directed the parties to file memoranda and took the matter under advisement. By Decision and Entry filed on November 29, 2016, the municipal court denied the motion to suppress, finding that

> The issuing Judge, knowing that the Deputy was claiming that the Defendant had committed voyeurism, drew a reasonable inference that the Defendant used his cellphone to take pictures or video of a girl under her clothing while she was walking up the stairs. The Judge made a practical, common sense decision, based on the totality of the circumstances.

---

1. The factual recitation set forth herein is a compilation of the testimony at the suppression hearings in the municipal court and juvenile court.

Thereafter, appellant entered a no contest plea to the charge of voyeurism, was found guilty pursuant to the plea, and was sentenced accordingly.

{¶ 10} A hearing on appellant's motion to suppress in juvenile court was conducted before a magistrate on November 28, 2016. The state presented the testimony of Deputy Downs. By "Magistrate Order" filed on December 2, 2016, the magistrate found that the affidavit for the search warrant did not establish probable cause because it did not aver that appellant had engaged in conduct constituting an offense.[2] However, the magistrate determined that Deputy Downs acted in "objectively reasonable reliance on the validity of the search warrant" and that "it would have been reasonable for a well-trained police officer to rely in good faith on the search warrant." In doing so, the magistrate considered matters beyond the four corners of the affidavit. Specifically, the magistrate noted that Deputy Downs conducted an investigation that verified the "hearsay information," interviewed appellant, viewed the evidence supporting the offense, and did not include false information in the affidavit or otherwise mislead the judge issuing the search warrant. Consequently, the magistrate denied appellant's motion to suppress pursuant to the good faith exception to the exclusionary rule.

{¶ 11} Subsequently, the juvenile court adopted the magistrate's denial of appellant's motion to suppress, and appellant entered a no contest plea. Pursuant to his plea, appellant

---

2. As we have before, we note that the juvenile court magistrate improperly captioned his ruling, which denied appellant's motion to suppress, as a "magistrate's order" as opposed to a "magistrate's decision." *See In re N.J.*, 12th Dist. Warren Nos. CA2016-10-086, CA2016-10-090, and CA2016-10-091, 2017-Ohio-7466, ¶ 10, fn. 2. Juv.R. 40(D)(2)(a)(i) restricts "magistrate's orders" to "[regulating] the proceedings" and specifically provides that a "magistrate's order" may not be "dispositive of a claim or defense of a party." The Eighth Appellate District recently held that a magistrate's grant of a juvenile's motion to suppress is a "decision" as opposed to an "order," because it was issued after an evidentiary hearing the magistrate presided over, set forth facts and law, applied the facts to the law, and then reached a determination. *In re J.B.*, 8th Dist. Cuyahoga No. 104411, 2017-Ohio-293. The designation is significant because the time to set aside a "magistrate's order" is 10 days whereas the time to object to a "magistrate's decision" is 14 days. Juv. R. 40(D)(2)(b) and Juv.R.40(D)(3)(b)(i). Although this is not a significant issue in this case, the December 2, 2016 denial of appellant's motion to suppress by "Magistrate Order" is incorrect. The designation of a magistrate's determination of an issue as a "magistrate's order" or "magistrate's decision" is not merely a matter of form, but rather one of substance.

was adjudicated delinquent for the commission of voyeurism.

{¶ 12} Appellant now appeals the denial of his motions to suppress, raising two assignments of error.

{¶ 13} Assignment of Error No. 1:

{¶ 14} MASON MUNICIPAL COURT ERRED TO THE PREJUDICE OF J.A.C.'S FOURTH AMENDMENT RIGHTS WHEN IT OVERRULED HIS MOTION TO SUPPRESS.

{¶ 15} Appellant argues the municipal court erred in denying his motion to suppress because the affidavit submitted by Deputy Downs in support of the search warrant does not establish probable cause.

{¶ 16} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. In turn, when reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 17} The Fourth Amendment of the United States Constitution provides that

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶ 18} In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the duty of the judge or magistrate issuing the warrant is to simply make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317 (1983). Therefore, it is essential that an affidavit for a search warrant include facts establishing probable cause that the items sought to be searched for and seized are related to the commission of some crime.

{¶ 19} "In determining whether a search warrant was issued upon a proper showing of probable cause, reviewing courts must examine the totality of the circumstances." *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, ¶ 13. The duty of reviewing courts is limited to ensuring that the judge or magistrate had a substantial basis for concluding that probable cause existed based on the information contained in the four corners of the affidavit filed in support of the warrant. *Id.*; *State v. Quinn*, 12th Dist. Butler No. CA2011-06-116, 2012-Ohio-3123, ¶ 21. Accordingly, this court does not determine de novo whether the affidavit provided sufficient probable cause. *Quinn* at ¶ 21. Rather, "[i]n conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, * * * courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Jones* at ¶ 14. In reviewing the issuance of search warrants, "courts should not invalidate [warrants] by interpreting [affidavits] in a hypertechnical, rather than a commonsense, manner." *Gates* at 236.

- 7 -

**{¶ 20}** Deputy Downs stated in his affidavit that he was "notified" that appellant "had used his cellphone to take pictures or video of a girl while walking up the stairs in Kings High School." Appellant argues that the affidavit does not establish probable cause for the search warrant in two respects. First, the affidavit does not establish that appellant committed a crime, because filming or photographing another is not against the law. Second, there is nothing in the affidavit to show that the hearsay notification regarding appellant to Deputy Downs is credible.

**{¶ 21}** We note that appellant neither raised the issue concerning the reliability of Deputy Downs' information in his motion to suppress nor argued it during the September 1, 2016 suppression hearing before the municipal court or in his post-hearing memorandum.

**{¶ 22}** Pursuant to Crim.R. 47, in filing a motion to suppress in a criminal proceeding, a defendant "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." This requires a defendant to "state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *State v. Orr*, 12th Dist. Brown No. CA2015-08-019, 2016-Ohio-1148, ¶ 9. A defendant's motion to suppress must clearly identify the grounds upon which he challenges the constitutionality of a warrantless seizure. *Xenia v. Wallace*, 37 Ohio St.3d 216, 218 (1988). Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. *State v. Peagler*, 76 Ohio St.3d 496, 500 (1996); *State v. Martin*, 12th Dist. Clinton No. CA96-09-014, 1997 Ohio App. LEXIS 2124, *4 (May 19, 1997).

**{¶ 23}** Because appellant did not challenge the reliability of Deputy Downs' information in his motion to suppress, he has waived that issue on appeal. We therefore do not consider whether there is a basis for believing that the hearsay statements in the affidavit are credible

in addressing appellant's other issue, to wit, whether the affidavit establishes probable cause that the items to be searched for are evidence of some crime.

**{¶ 24}** Appellant is correct that the allegation in the affidavit that he used his cell phone to film or photograph someone, does not describe an offense. Appellant asserts that this is a fatal defect because there is no criminal conduct involved to support the search for images on his cell phone. In turn, the state argues that the affidavit must be construed as a whole and in the context of the statement that the items sought to be searched for and seized are concealed in violation of "2907.08E Voyeurism, videotape, film, photograph, or otherwise record another person under of through the clothing of another person." Appellant counters that listing the elements of an offense is a conclusory statement and may not be considered in determining the existence of probable cause.

**{¶ 25}** Certainly, the affidavit was inartfully drafted.[3] However, applying the rules of appellate review of search warrants, pursuant to which we are to examine the totality of the circumstances, give great deference to the issuing judge's determination of probable cause, interpret affidavits in a commonsense, as opposed to a hyper technical manner, and in doubtful or marginal cases, resolve the matter in favor of upholding the warrant, we find that the municipal court did not err in denying appellant's motion to suppress. When viewing the affidavit as a whole and in the context of the offense alleged to have been committed, instead of focusing on an isolated portion of the affidavit, it is apparent that Deputy Downs was accusing appellant of using his cell phone to film or photograph beneath the clothing of another. The municipal court, therefore, did not err in denying appellant's motion to suppress.

**{¶ 26}** Appellant's first assignment of error is overruled.

---

3. The affidavit quoted R.C. 2907.08(D), but listed the section of the Revised Code that was violated as R.C.

{¶ 27} Assignment of Error No. 2:

{¶ 28} WARREN COUNTY JUVENILE COURT ERRED TO THE PREJUDICE OF J.A.C.'S FOURTH AMENDMENT RIGHTS WHEN IT OVERRULED HIS MOTION TO SUPPRESS.

{¶ 29} Appellant argues the juvenile court erred in denying his motion to suppress on the basis of the "good faith exception" to the exclusionary rule, especially given the facial deficiency of the affidavit submitted by Deputy Downs in support of the search warrant. Under the "good faith exception," searches executed pursuant to insufficient warrants are upheld where police officers objectively and reasonably relied on a neutral and detached judge's determination that probable cause existed. *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984); *State v. Wilmoth*, 22 Ohio St.3d 251 (1986); *State v. Redelman*, 12th Dist. Clinton No. CA2012-04-010, 2013-Ohio-657.

{¶ 30} However, we are precluded from reviewing the issues raised in this assignment of error. Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding as required by Juv.R. 40(D)(3)(b)." This court has previously ruled that "unless the appellant argues a 'claim of plain error,' the appellant has waived the claimed errors not objected to below." *In re J.F.*, 12th Dist. Butler No. CA2016-08-174, 2017-Ohio-1492, ¶ 14; *In re K.P.R.*, 197 Ohio App.3d 193, 2011-Ohio-6114, ¶ 10 (12th Dist.).

{¶ 31} Appellant did not file any objections to the magistrate's decision. Further, appellant does not claim plain error on appeal. He has therefore waived the issues for purposes of appeal. Appellant's second assignment of error is accordingly overruled.

---

"2907.08E," the penalty section of the statute.

**{¶ 32}** Based upon the foregoing, the municipal court's denial of appellant's motion to suppress and the juvenile court's denial of appellant's motion to suppress are both affirmed.

HENDRICKSON, P.J. and S. POWELL, J., concur.