[Cite as *State v. Wataka*, 2019-Ohio-1267.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-028

        Appellee                           Trial Court No. 2016CR0643

v.

Anthony M. Wataka                        **DECISION AND JUDGMENT**

        Appellant                          Decided:  April 5, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Paul G. Croushore, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas, determining that probable cause existed based upon an investigating detective's

affidavit submitted in support of a search warrant sought by the Perrysburg Police

Department applicable to appellant's residence.

{¶ 2} The execution of the search warrant led to the discovery that appellant was in possession of child pornography. The search was conducted in the course of an investigation into appellant's online dating activities. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Anthony M. Wataka, sets forth the following sole assignment of error:

THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO SUPPRESS THE EVIDENCE AS THERE WAS NO PROPER BASIS FOR THE INITIAL SEARCH WARRANT.

{¶ 4} The following undisputed facts are relevant to this appeal. In 2016, appellant was working and living in Perrysburg, Ohio. Appellant came to the attention of the Perrysburg Police Department after several women came forward and reported potentially criminal experiences that they had involving appellant.

{¶ 5} Appellant had created a fictional online profile of a wealthy bachelor seeking women to date. Appellant named the non-existent bachelor Jayson Rothschild. Appellant posted the fake profile on an online dating website.

{¶ 6} Utilizing the fictitious online profile, appellant met with multiple interested women. Appellant falsely told the victims that he represented Rothschild, who was from an affluent family. Appellant represented to the victims that he was retained by Rothschild to conduct a training program of potential dating candidates and then make recommendations to Rothschild.

2.

**{¶ 7}** The women paid sums from $3,000 to $5,000 to appellant to procure a chance to date Rothschild. They agreed to have recorded sex with appellant, ostensibly so that he could assess their compatibility to Rothschild. In addition, they cleaned appellant's residence and cooked meals for appellant.

**{¶ 8}** Ultimately, several of the women discovered one another, compared their experiences, and began to suspect foul play. They reported the events to the Perrysburg Police Department and were thoroughly interviewed in the subsequent police investigation into these events.

**{¶ 9}** As a result of the investigation, an affidavit was submitted to the trial court by the lead detective in support of a search warrant request. In his affidavit, the detective outlined that the women met with appellant through the same online dating website.

**{¶ 10}** The affidavit further conveyed that both women relayed that appellant falsely told them that he was in charge of a training program for potential dating partners for a wealthy bachelor who did not exist. The affidavit relayed that the women were required to pay appellant thousands of dollars, clean his home, and engaged in recorded sexual activity with appellant in order to participate in the training program. The affidavit conveyed that the women felt coercion to cooperate in these activities.

**{¶ 11}** Based upon the affidavit, the trial court concluded that evidence existed showing a fair probability that evidence of crimes would be recovered from appellant's residence. Specifically, the affidavit contained evidence reflecting crimes such as telecommunications fraud, engaging in a pattern of corrupt activity, and sexual imposition. The warrant was granted.

3.

{¶ 12} On September 29, 2016, the search warrant was executed at appellant's residence. Among the materials recovered was a video recording of a dancing 6-year old naked girl.

{¶ 13} On December 22, 2016, appellant was indicted on four counts of illegal use of a minor in nudity-oriented materials or performance, in violation of R.C. 2907.323(A), felonies of the fifth degree, one count of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A), a felony of the fourth degree, and one count of possession of criminal tools, in violation of R.C. 2923.24(A), a misdemeanor of the first degree.

{¶ 14} On February 16, 2017, appointed counsel for appellant filed a motion to suppress. On February 17 and March 3, 2017, trial court hearings were conducted on the pending motion to suppress. The trial court held in pertinent part, "[U]nder the totality of the circumstances, the court finds that the affidavit provided the issuing judge a substantial basis to conclude that probable cause existed to issue the September 29, 2016 search warrant." The trial court went on to conclude, "[T]he court finds no basis to suppress the evidence seized." The motion to suppress was denied.

{¶ 15} On January 23, 2018, a two-day jury trial commenced. Appellant was found guilty on all counts. On March 16, 2018, appellant was sentenced to a 16-month term of incarceration. This appeal ensued.

{¶ 16} In the sole assignment of error, appellant contends that the trial court erred in denying appellant's motion to suppress. In support, appellant maintains that the trial

4.

court lacked probable cause for the issuance of the September 29, 2016 search warrant. We do not concur.

{¶ 17} In reviewing the propriety of search warrant decisions, an appellate court does not substitute its judgment for that of the trial court by engaging in a de novo review of whether the affidavit shows sufficient probable cause for the warrant. *State v. Brown*, 101 Ohio App.3d 227, 655 N.E.2d 269 (2d Dist. 1994). The proper scope of review of this court is to determine whether the trial court had a substantial basis in support of finding that probable cause existed. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus.

{¶ 18} Accordingly, it is, "[E]ssential that an affidavit for a search warrant include facts establishing probable cause that the items sought to be searched for and seized are related to the commission of some crime." *State v. J.A.C.*, 12th Dist. Warren Nos. CA-17-04-044/045, 2018-Ohio-361, ¶ 18.

{¶ 19} We now must determine whether the information presented to the trial court established the requisite, sufficient probable cause in support of the September 29, 2016 search warrant.

{¶ 20} The record reflects that the affidavit in support of the search warrant submitted by the investigating detective stemmed from extensive interviews with several of the women who became involved with appellant as a result of his false profile posted on an online dating website.

{¶ 21} The record reflects the trial court was presented with uncontroverted evidence that appellant falsely told multiple women that he represented a wealthy eligible

5.

bachelor seeking dating partners. Appellant falsely conveyed that the bachelor was utilizing appellant to perform a "training program" for the female candidates.

{¶ 22} In the course of this scheme, the women paid thousands of dollars to appellant, shopped and cooked for appellant, and engaged in recorded sexual activity with appellant. The women felt coerced in the course of these activities.

{¶ 23} Based upon these facts and circumstances, we find that the trial court had a substantial basis from the affidavit to find that probable cause existed that evidence of crimes such as telecommunications fraud, engaging in a pattern of corrupt activity, and sexual imposition would be recovered from appellant's residence.

{¶ 24} Wherefore, we find appellant's assignment of error not well-taken. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Gene A. Zmuda, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.