[Cite as *In re K.L.F.*, 2021-Ohio-2290.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | CASE NOS. CA2020-08-083 |
|  |  | CA2020-08-084 |
| K.L.F., et al. | : |  |
|  |  | O P I N I O N |
|  | : | 7/6/2021 |
|  | : |  |
|  | : |  |
|  | : |  |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. JS2019-0352

K.D., pro se

Kathleen W. Adams, 8310 Princeton Glendale Road, West Chester, Ohio 45069, for appellee

**M. POWELL, P.J.**

{¶ 1} Appellant ("Mother") appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of the parties' children to appellee ("Father").

{¶ 2} Mother and Father are the parents of a seven-year-old daughter ("Daughter") and a six-year-old son ("Son"). The parties were never married to one another. Father

resides in Ohio.  Mother was living in Tennessee with her family when Daughter was born.

Father went to Tennessee for his daughter's birth and returned to Ohio shortly thereafter.

In May 2014, Mother and Daughter moved to Middletown, Ohio where they lived with Father

in his parents' home.  Son was born in 2015.  The paternal grandmother and paternal aunts

helped with childcare when the parties were at work.

{¶ 3}   The parties' relationship was troubled and ultimately ended.  Mother believed

Father was unfaithful and abused drugs and alcohol.  Father has at least one OVI conviction

and was charged twice with OVI.  Due to Mother's marijuana use during the pregnancy,

Son was born testing positive for marijuana.  During the parties' relationship, Mother moved

back to Tennessee at least twice; Father either accompanied Mother or eventually joined

her in Tennessee.  On both occasions, the parties stayed in Tennessee for a while then

returned to Ohio.  In 2018, Father filed a complaint for custody of the children which he

dismissed after the parties "agreed to work it out."  On April 16, 2019, Father filed the instant

complaint for custody of the children.  Three days later, Mother filed a notice of intent to

relocate to Jacksonville, Florida.  Mother did not move to Florida.  Instead, she permanently

relocated to Gallatin, Tennessee.

{¶ 4}   A custody hearing was held before a magistrate in October 2019.  In a

decision filed on December 11, 2019, the magistrate granted legal custody of the children

to Father and parenting time to Mother.[1]  As this was an initial custody determination and

---

1. The magistrate's December 11, 2019 decision is improperly labeled as a "magistrate's decision/order." Juv.R. 40(D)(2)(a)(i) restricts "magistrate's orders" to "[regulating] the proceedings" and specifically provides that a "magistrate's order" may not be "dispositive of a claim or defense of a party."  "A magistrate's order [must] be identified as a magistrate's order in the caption" pursuant to Juv.R. 40(D)(2)(a)(ii); "[a] magistrate's decision [must] be identified as a magistrate's decision in the caption" pursuant to Juv.R. 40(D)(3)(a)(iii).  The juvenile rule does not provide for a "magistrate's decision/order."  The designation is significant because the time to set aside a "magistrate's order" is ten days whereas the time to object to a "magistrate's decision" is 14 days.  Juv. R. 40(D)(2)(b) and (3)(b)(i).  The magistrate's grant of Father's custody motion clearly disposed of the parties' claim and should have been designated as a magistrate's decision.  As this court has stated multiple times, the designation of a magistrate's determination of an issue as a "magistrate's order" or "magistrate's decision" is not merely a matter of form, but rather one of substance. *In re L.D.M.*, 12th Dist.

Mother was the residential parent by virtue of R.C. 3109.042, the magistrate applied the children's best interest standard under R.C. 3109.04(F).[2]  The magistrate noted that the children are bonded with their parents and extended families; the children are adjusted to Mother's home in Tennessee but have never lived with Father at the paternal grandparents' new home in Liberty Township, Ohio; Father is physically healthy but has abused alcohol; Mother is physically and mentally healthy; and Father is the parent more likely to honor and facilitate parenting time.

{¶ 5}  Mother filed objections to the magistrate's decision.  Following a hearing on the objections on June 30, 2020, the juvenile court overruled Mother's objections and adopted the magistrate's decision.

{¶ 6}  Mother now appeals, pro se, the juvenile court's decision, raising two assignments of error.

{¶ 7}  In her two assignments of error, Mother argues that the juvenile court erred in awarding custody of the children to Father.  Mother asserts that testimony at the custody hearing plainly shows that Father abuses alcohol and has sexually abused two women, witnesses with information on these issues should have been subpoenaed, and the juvenile court erred in not investigating the sexual abuse allegations against Father and his alcohol abuse.  Mother also asserts that the award of custody to Father violates the Indian Child Welfare Act because both children are members of an Alaskan Indian tribe.  Lastly, Mother references the closure of a children services agency's case concerning her family.  The

---

Butler No. CA2020-07-078, 2021-Ohio-1853, ¶ 7, fn. 1; *State v. C.J.*, 12th Dist. Warren No. CA2017-06-082, 2018-Ohio-1258, ¶ 8, fn. 1; *State v. J.A.C.*, 12th Dist. Warren Nos. CA2017-04-044 and CA2017-04-045, 2018-Ohio-361, ¶ 10, fn. 2; and *In re N.J.*, 12th Dist. Warren Nos. CA2016-10-086 and CA2016-10-090 thru CA2016-10-091, 2017-Ohio-7466, ¶ 10, fn. 2.

2.  R.C. 3109.042(A) provides that "[a]n unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian."

case was opened after Son tested positive for marijuana at birth.

{¶ 8} We are precluded from reviewing the issues raised in Mother's assignments of error.

{¶ 9} Objections to a magistrate's decision must be "specific and state with particularity all grounds for objection." Juv.R. 40(D)(3)(b)(ii). The failure to file specific objections is treated the same as the failure to file any objections. *In re J.F.*, 12th Dist. Butler No. CA2016-08-174, 2017-Ohio-1492, ¶ 14. Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding as required by Juv.R. 40(D)(3)(b)." This court has previously ruled that "unless the appellant argues a 'claim of plain error,' the appellant has waived the claimed errors not objected to below." *State v. J.A.C.*, 12th Dist. Warren Nos. CA2017-04-044 and CA2017-04-045, 2018-Ohio-361, ¶ 30.

{¶ 10} Although Mother filed objections to the magistrate's December 11, 2019 decision, she did not specifically object to the magistrate's best interest findings, did not raise any of the issues she now raises on appeal, and did not claim plain error on appeal. Rather, her objection was simply a nondescript statement asserting she had "noticed errors" in the magistrate's decision. It is well recognized that the failure to draw a trial court's attention to possible error when the error could have been corrected results in a waiver of the issue for purposes of appeal. *In re J.F.* at ¶ 15. Mother is therefore precluded from raising these issues on appeal and from challenging the juvenile court's adoption of the magistrate's findings. *Id.*; *In re D.R.*, 12th Dist. Butler No. CA2009-01-018, 209-Ohio-2805, ¶ 30.

{¶ 11} We recognize that Mother was acting pro se when she filed her objections to

the magistrate's decision and is acting pro se in this appeal. Nonetheless, Mother was still required to comply with the juvenile rules. *In re C.B.*, 12th Dist. Clermont No. CA2013-12-094, 2014-Ohio-3784, ¶ 13. Litigants who proceed pro se are held to the same standard as those who are represented by counsel. *Chambers v. Setzer*, 12th Dist. Clermont No. CA2015-10-078, 2016-Ohio-3219, ¶ 10. As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound. *Stiles v. Hayes*, 12th Dist. Madison No. CA2015-01-007, 2015-Ohio-4141, ¶ 18. "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

{¶ 12} Mother's two assignments of error are overruled.

{¶ 13} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.

- 5 -